**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NORVELL LAMONT ANDREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-416-D |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Norvell Lamont Andrew, pro se, filed a complaint alleging negligence and denial of medical treatment while in federal custody. [Doc. No. 1]. This matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B), (C). [Doc. No. 3]. On January 20, 2026, Judge Stephens issued the present Report and Recommendation. [Doc. No. 20].

In his Report and Recommendation, Judge Stephens construes Plaintiff's Complaint to seek relief under the Federal Tort Claims Act (FTCA). [Doc. No. 20, at 11]. Plaintiff names four Defendants: (1) the United States of America; (2) "Unknown Medical Director Lemon" at the Federal Transfer Center (FTC); (3) "Wardon Unknown Zook" at the FTC; and (4) "Unknown Oral Surgeon" in Oklahoma City. [Doc. No. 1, at 1-2, 8]. Plaintiff also mentions a federal habeas statute, 28 U.S.C. § 2241, once in his Complaint. *Id.* at 2-3, 6-11.

Plaintiff seeks monetary damages from each Defendant and also seeks to "be released from prison as [BOP] staff have repeatedly shown they do not care about [his]

1

safety & health." *Id.* at 2. Further, he requests to "have [his] jaw fixed immediately," to be "seen by a cardiologist immediately," to be "placed back on Percocet for pain," and to have ladders added to beds in FTC cells. *Id.*

Judge Stephens first recommends dismissal of Plaintiff's FTCA claim against the individual Defendants because "[t]he United States is the only proper defendant in an FTCA action." [Doc. No. 20, at 4 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001))]. Further, Judge Stephens recommends dismissal of Plaintiff's Complaint to the extent it seeks injunctive relief against the United States under the FTCA. *Id.* at 5 (citing *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) (citing 28 U.S.C. § 1346(b)(1)) to provide district courts with jurisdiction only over civil actions "for money damages")). Finally, the magistrate judge recommends dismissal of Plaintiff's Complaint to the extent he seeks habeas relief under § 2241 because Plaintiff alleges no facts to challenge the execution of his sentence or nature of his confinement. *Id.* at 5-6.

Plaintiff filed an objection to the Report and Recommendation [Doc. No. 21]. In his objection, Plaintiff presents no persuasive argument or authority that would cause this Court to reject the magistrate judge's conclusion that Plaintiff's complaint be dismissed to the extent it seeks injunctive relief against the United States under the FTCA. Further, Plaintiff agrees with the Report to the extent it dismisses the claims against the four individual Defendants.

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the

2

Court, having conducted a de novo review,[1] finds that Plaintiff's objection should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 20] in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's claims brought pursuant to the FTCA against the United States seeking injunctive relief and against the individual Defendants named in the complaint are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claim for habeas relief under 28 U.S.C. § 2241 is **DENIED** without prejudice.

**IT IS SO ORDERED** this 26th day of May, 2026.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Rule 72, where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).